[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #117
Plaintiff and the passengers in his vehicle claim to have been injured by a collision caused by the alleged tortfeasor Heinz, Jr. Of more direct relevance to this summary judgment motion, however, is the fact that plaintiffs allege their injuries were a direct result of Heinz, Jr. having been served alcohol while intoxicated[1] by the co-defendants, who are affiliated with Teezer's Cafe.[2]
Permittee Hatem has filed a motion for summary judgment on counts thirteen through twenty as they apply to her on the ground that there are no genuine issues of fact, and that as the permittee of Teezers, she could not be liable as a matter of law under § 30-102 or for reckless service of alcohol to Heinz, Jr. The plaintiffs have filed an objection and both Hatem and the plaintiffs have filed replies and surreplies.
 A. Liability Under the Dram Shop Act
CT Page 14043
Hatem argues that she is not liable under § 30-102, since she is not in a position to effect a change in the alcohol policies of Teezers. Hatem also contends that she was not in a position to terminate an employee of Teezers who sold alcohol to a patron who was already intoxicated, based on the fact that she is not an owner of Teezers but only a part-time bartender. Hatem argues that although she is designated as a permittee, she in fact is only named as such due to that fact that she has no criminal history.
The plaintiffs argue that there is a question of fact concerning whether Hatem had the authority to hire and fire Teezer's employees. The plaintiffs also argue that pursuant to § 30-102, a permittee is liable as a "seller" of alcoholic beverages even though the permittee does not personally serve patrons. The plaintiffs also rely on other regulations which impose liability on permittees for the actions of their agents or employees. Hatem responds by arguing that the status of "permittee" does not automatically render one so designated personally liable under § 30-102. Rather, Hatem argues, whether a permittee is liable under the statute can only be determined on a case by case basis.
Hatem avers that she became permittee of Teezers in early 1997 because she has no criminal record. (Motion For Summary Judgment, Affidavit of Pamela Hatem, ¶ 4). The plaintiffs have submitted a copy of a Department of Consumer Protection — Liquor Division form dated August 21, 1998, which lists Pamela Hatem as the permittee and a backer of Teezers. (Plaintiff's Supplemental Reply). The form is signed by Pamela Hatem, and indicates that there is no change regarding the status of permittee for Teezers. (Id.) Also supplied is a Department of Liquor Control form dated February 25, 1995 which substituted Pamela Hatem as the permittee of Teezers. (Documentation In Support of Objection To Motion For Summary Judgment). This form, which is signed by Hatem, indicates that the backer vested in Hatem "full authority and control of said premises and the conduct of all permit business thereon." (Id.). This 1995 representation contradicts sworn statements made by Hatem in her current affidavit in support of the motion for summary judgment, where Hatem avers that she has no control over the premises or employees at Teezers. (Affidavit of Pamela Hatem, ¶ 13).
"It is true that a permit to sell liquor is a privilege, and by engaging in the liquor business, the permittee `assumes of CT Page 14044 necessity the risk of a great variety of situations which could impose liability upon him.' Pierce v. Albanese, 144 Conn. 241,252, 129 A.2d 606 (1957). Among this `great variety of situations,' for instance, are actions that arise under the Dram Shop Act, General Statutes § 30-102, under which a permittee may be held liable as a `seller' of alcoholic beverages to an intoxicated person, and therefore liable for injuries received suffered by third parties `in consequence of such intoxication,' even if the permittee or his or her agents did not sell or serve alcohol to the intoxicated person. See Pierce v. Albanese,supra, [141 Conn.] 252; Price v. Roy B. McHugh Post 4740 VFW,
[Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 383863 (January 18, 1991, Purtill, J.) (3 CONN. L. RPTR. 179, 180-81)]. Thus, a permittee, where providedby statute, may be held responsible for some injuries simply by his holding a permit." Kendrick v. Daniel's. Inc., judicial district of Hartford/New Britain at Hartford, Docket No. 365929 (April 20, 1992, Wagner, J.) (6 CONN. L. RPTR. 322, 323).
Hatem has not disputed the fact that she is the permittee of Teezers, and the plaintiff's assertion that she was the permittee at the time of the accident has been shown by other documents. Hatem has failed to produce any authority to support her contention that although she serves as the permittee of Teezers on paper, she did not exercise the powers of permittee and therefore should not be held liable under § 30-102. As the permittee of Teezers, Hatem is considered a "seller" for purposes of § 30-102. See Price v. Roy B. McHugh Post 4740 VFW, supra,3 CONN. L. RPTR. 181, relying on Pierce v. Albanese. Accordingly, Hatem's motion for summary judgment as to counts thirteen through sixteen of the complaint are denied.
 B. Reckless Service of Alcohol
Hatem argues that since she is not the owner of Teezers, she can only be found liable for recklessly serving alcohol if she personally served alcohol to Heinz on the day of the accident. Hatem also argues that a permittee can only be held liable based on the acts of his or her agents, servants and/or employees who act recklessly in serving alcohol to intoxicated patrons. Hatem contends that because she herself is merely an employee, she should not be vicariously liable for the actions of other employees.
The plaintiffs argue that whether Hatem has the authority to CT Page 14045 regulate other employees' conduct is a factual question which is in dispute. The plaintiffs contend that since Hatem may have the authority to hire and fire employees, she may be liable for her employees' reckless service of alcohol to Heinz. Hatem has responded that although she may have had the power to hire and fire employees by virtue of the fact that she is the wife of the corporate backer's president, she did not exercise this power.
Hatem admits that she is the permittee of Teezers. (Affidavit of Pamela Hatem, ¶ 4). She further avers, however, that she is a part-time bartender, has no say in creating alcohol policies at Teezers, has no agents who are under her authority at Teezers, does not control the scheduling, hiring or firing at Teezers and does not own Teezers. (Affidavit of Pamela Hatem, ¶¶ 3,10-15).
Victor Orr testified that at the time of the accident, he was the manager of Teezers. (Motion For Summary Judgment, Deposition of Victor Orr, p. 13). When faced with a problem relating to his managerial duties, Orr seeks the advice of Edward Hatem. (Deposition of Victor Orr, p. 15). Orr described Pamela Hatem's duties with Teezers as "bartender and the permittee . . . She orders beer and liquor, stuff like that." (Deposition of Victor Orr, p. 63). When specifically asked whether Hatem has the right to hire and fire other employees, Orr answered no. When asked the same question again immediately thereafter, he answered that Hatem did have the authority to hire and fire other employees, although Orr characterized the task of hiring and firing as basically his own duty. (Deposition of Victor Orr, p. 63).
A genuine issue of material fact exists as to whether Pamela Hatem acted or was authorized to act as an employer at Teezers. This dispute is not only patent on review of all the evidence at hand but within the statements of Hatem. Therefore, the court cannot determine whether Hatem may be held vicariously liable for the actions of the employees of Teezers. Accordingly, Hatem's motion for summary judgment as to counts seventeen through twenty is denied.
NADEAU, J.